IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBYN J. KERR,  )
 )
      Plaintiff,  )
 )
  -vs-  )   Civil Action No. 16-1054
 )
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
 )
      Defendant.  )

AMBROSE, Senior District Judge

# OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since March 6, 2013. (ECF No. 5-9, p. 18). Administrative Law Judge ("ALJ"), Joanna Papazekos, held a hearing on January 26, 2015. (ECF No. 5-3). On March 4, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 14-22).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of Opinion Evidence

Plaintiff asserts that the ALJ erred in weighing the medical opinion evidence. (ECF No. 9, pp. 14-17). Specifically, Plaintiff asserts that the ALJ "failed to properly evaluate, let alone even mention, the opinions of Drs. LaLumere, Narayan and Diorio. *Id.* at p. 14. To that end, Plaintiff suggests that "[i]t cannot be gleaned from her decision that she ever considered them because she provided no explanation for why she seemingly rejected them," and, therefore, I cannot conduct a meaningful review. *Id.* at p. 16. Thus, Plaintiff submits that remand is warranted. *Id.* After a review of the record, I disagree.

Contrary to Plaintiff's position, the ALJ directly addressed the opinion evidence of Drs. LaLumere, Narayan and Diorio in her discussion regarding opinion evidence of this case.

> Finally, the record includes opinions and/or GAF scores that were assessed prior to the application date (*see*, Exhibits 2A, 7E, 2F, 3F, 6F, 7F, 8F, 9F, 14F, and 15F). These were given no weight because they do not address the period under adjudication. The record shows that the claimant previously filed an application

that was denied on March 5, 2013 (*see,* Exhibit B1A). That determination became administratively final because the claimant did not request review within the stated period.

(ECF No. 5-2, pp. 20-21). Exhibit 2A contains the opinion of Dr. Diorio and is dated December 12, 2011. (ECF No. 5-4, pp. 3-12). Exhibit 3F contains the opinion of Dr. LaLumere and is dated December 9, 2011. (ECF No. 5-12, pp. 15-25). Exhibit 15F contains the opinion of Dr. Narayan and is dated January 1, 2013. (ECF No. 5-18, pp. 2-6). Thus, the ALJ specifically acknowledged and addressed each of these opinions. (ECF No. 5-2, pp. 20-21).

Plaintiff filed a previous application for SSI alleging disability beginning on November 16, 2010. (ECF No. 5-9, p. 4). The opinions of Drs. LaLumere, Narayan and Diorio address Plaintiff's condition prior to her alleged onset date at issue in the current case and were submitted and considered in connection with her prior application. (ECF No. 5-4, pp. 16-27). Based on that application, on March 5, 2013, the ALJ found Plaintiff was not disabled. (ECF No. 5-4, pp. 16-27). Plaintiff did not appeal that decision and, as such, it is a final decision not open for reconsideration. 20 C.F.R. §416.1455.

The current application period alleges disability beginning on March 6, 2013. (ECF No. 5-9, p. 18). Thus, the current application under review by the ALJ was for a later time period that was separate and distinct from the prior application period. The doctrine of *res judicata* prevents the ALJ from considering any medical evidence prior to March 6, 2013. 20 C.F.R. §§416.1455, 416.1457(c)(1). Based on the same, I find the ALJ properly gave the opinions of Drs. LaLumere, Narayan and Diorio no weight because they do not address the period of adjudication currently before the ALJ. Accordingly, remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBYN J. KERR,  )
 )
       Plaintiff,  )
 )
 -vs-  )  Civil Action No.  16-1054
 )
NANCY A. BERRYHILL,[2]  )
COMMISSIONER OF SOCIAL SECURITY,  )
 )
       Defendant.  )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 9th day of August, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                              BY THE COURT:

                              s/   Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.